# UNITED STATES DISTRICT COURT
# IN THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK LANDSPERGER and<br>EXTREME FORCES U.S.A., INC.<br><br>　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>A & Z PHARMACEUTICAL, INC. and<br>A&Z HOLISTIC PRODUCTS I, INC.<br><br>　　　　　　　　Defendants. | Case No. 1:18-cv-5830<br><br>**COMPLAINT** |

Plaintiffs Mark Landsperger ("Landsperger") and Extreme Forces, U.S.A., Inc. ("Extreme Forces") by way of Complaint against defendants A & Z Pharmaceutical, Inc. ("A & Z Pharmaceutical") and A&Z Holistic Products I, Inc. ("A&Z Holistic Products"), state:

## PARTIES

1. Plaintiff Landsperger is a resident of the State of New Hampshire, residing at 33 Post Road, Greenland, New Hampshire.

2. Plaintiff Extreme Forces is a corporation formed and existing under the laws of the State of Delaware, having its principal place of business at 33 Post Road, Greenland, New Hampshire.

3. Defendant A & Z Pharmaceutical is a corporation formed and existing under the laws of the State of New York, having its principal place of business in New York.

4. A&Z Holistic Products is a corporation formed and existing under the laws of the State of New York, having its principal place of business in New York.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and the Plaintiffs and Defendants are citizens of different States.

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 in that Defendants reside within this District.

## FACTS

### i. A&Z Holistic Products' Acquisition of Extreme Forces

7. In 2016 and prior years, Extreme Forces was engaged in the marketing, sales and distribution of nutritional supplements, primarily for the sports and fitness markets, and Landsperger was its president and majority shareholder.

8. In 2016, A & Z Pharmaceutical approached Extreme Forces about acquiring its business.

9. Upon information and belief, A & Z Pharmaceutical caused A&Z Holistic Products to be formed in connection with the anticipated acquisition of Extreme Forces.

10. Upon information and belief, Emma Li is the President of both A & Z Pharmaceutical and A&Z Holistic Products.

11. After due diligence and negotiation, Extreme Forces and A&Z Holistic Products decided to proceed with A&Z Holistic Products' acquisition of Extreme Forces (the "Acquisition"). In connection with the Acquisition, the parties executed three agreements: an asset purchase agreement, a guaranty, and a consulting agreement (collectively, the "Acquisition Agreements"), as specified, described, and defined hereinafter.

12. The three Acquisition Agreements are dated and effective August 31, 2016, which is considered the "Closing Date."

### ii. The Asset Purchase Agreement

13. The first of the three Acquisition Agreements was an asset purchase agreement, executed by Extreme Forces and A&Z Holistic Products, providing for the transfer to A&Z Holistic Products of the majority of Extreme Forces' assets (the "Asset Purchase Agreement").

14. In exchange for the transfer of the majority of its assets, Extreme Forces was to receive payment from A&Z Holistic Products, including "$120,000 in cash, payable on the second anniversary of the Closing Date" (the second of two "Deferred Payments").

### iii. The Guaranty

15. The second Acquisition Agreement was a guaranty by A & Z Pharmaceutical of A&Z Holistic Products' obligation to make the Deferred Payments to Extreme Forces under the Asset Purchase Agreement (the "Guaranty").

16. The Deferred Payments, together with interest and fees and expenses incurred in collection (including reasonable fees and expenses of counsel) constitute "Guaranteed Obligations" under the Guaranty.

17. Under Section 3 of the Guaranty, A & Z Pharmaceutical "irrevocably, absolutely and unconditionally guaranteed as a primary obligor and not merely as a surety . . . the prompt and complete payment, as and when due and payable (whether at stated maturity or otherwise), of all of the Guaranteed Obligations."

18. The second Deferred Payment described in Paragraph 14 has not been tendered by either Defendant.

### iv. The Consulting Agreement

19. The third Acquisition Agreement was a two-year consulting agreement between Landsperger and A&Z Holistic Products (the "Consulting Agreement").

20. The Consulting Agreement provides, in Section 3.(a) that "Consultant [*i.e.,* Landsperger] will receive a consulting fee at the rate of $75,000.00 annually, payable in equal increments not less than monthly in arrears."

21. It further provides in Section 3.(c) that "Consultant shall also be reimbursed for the cost of continuing his current health and medical insurance coverage, or of any new or revised health and medical insurance coverage he may choose to obtain, up to a maximum amount of $30,000 per year, payable monthly, beginning thirty (30) days following the Effective Date and thereafter as the premium costs for such coverage are incurred."

22. Pursuant to the Consulting Agreement, A&Z Holistic Products paid Landsperger $8,750.00 per month until January, 2018.

23. In February of 2018, A&Z Holistic Products failed to make the payment due to Landsperger under the Consulting Agreement for the month of January.

24. A&Z Holistic Products failed to make each and every subsequent payment due to Landsperger under the Consulting Agreement.

25. Section 6.(b) of the Consulting Agreement allows A&Z Holistic Products to terminate that Agreement for cause due to a material breach. To do so, the Consulting Agreement requires that "… Consultant [*i.e.* Landsperger] shall be given written notice of the violation and a twenty (20) day period to cure the same to the Company's satisfaction."

26. A&Z Holistic Products did not provide a notice or give an opportunity to cure such as is described in paragraph 25 above, prior to discontinuing payments.

### FIRST CLAIM FOR RELIEF
**Breach of the Asset Purchase Agreement as to A&Z Holistic Products**

27. Paragraphs 1 through 26 are hereby incorporated and made a part of this Claim for Relief as if fully set forth herein.

28. At all times relevant hereto, the Asset Purchase Agreement has been and remains in full force and effect.

29. Extreme Forces has materially performed all promises and obligations under the Asset Purchase Agreement, including the satisfaction of any conditions precedent to A&Z Holistic Products' obligation to perform under that Agreement.

30. A&Z Holistic Products has materially breached the Asset Purchase Agreement by failing to make the second Deferred Payment of $120,000.000 by the second anniversary of the Closing Date, *i.e.*, by August 31, 2018.

31. A&Z's Holistic Products' material breach of the Asset Purchase Agreement was unjustified.

32. As a result of A&Z Holistic Products' breach of the Asset Purchase Agreement, Extreme Forces has suffered damages.

33. As a further result of A&Z Holistic Products' breach of the Asset Purchase Agreement, Extreme Forces has been forced to hire attorneys and to prosecute this claim for collection, all at substantial and ongoing cost.

34. Extreme Forces is entitled to a judgment in its favor as against A&Z Holistic Products which includes damages of $120,000, plus statutory interest at the rate of 9% from the date of breach to the date of verdict or decision and from the date of verdict or decision to the

date of judgment, and costs of collection (including reasonable attorneys' fees), in an amount to be proven at trial

### SECOND CLAIM FOR RELIEF
### Breach of Guaranty as to A & Z Pharmaceutical

35. Paragraphs 1 through 34 are hereby incorporated and made part of this Claim for Relief as if fully set forth herein.

36. At all times relevant hereto, the Guaranty has been and remains in full force and effect.

37. Extreme Forces has materially performed all promises and obligations under the Guaranty, including the satisfaction of any conditions precedent to A & Z Pharmaceutical's obligation to perform.

38. A & Z Pharmaceutical has materially breached the Guaranty by failing to tender the second Deferred Payment and the Guaranteed Obligations, including interest, to Extreme Forces.

39. A & Z Pharmaceutical's material breach of the Guaranty was unjustified.

40. As a result of A & Z Pharmaceutical's breach of the Guaranty, Extreme Forces has suffered damages.

41. As a further result of A & Z Pharmaceutical's breach of the Guaranty, Extreme Forces has been forced to hire attorneys and to prosecute this claim for collection, all at substantial and ongoing cost.

42. Extreme Forces is entitled to a judgment in its favor as against A & Z Pharmaceutical which includes damages of $120,000, plus statutory interest at the rate of 9% from the date of breach to the date of verdict or decision and from the date of verdict or decision

to the date of judgment, and costs of collection (including reasonable attorneys' fees), in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
**Breach of the Consulting Agreement as to A&Z Holistic Products**

43. Paragraphs 1 through 42 are hereby incorporated and made a part of this Claim for Relief as if fully set forth herein.

44. At all times relevant hereto, the Consulting Agreement has been and remains in full force and effect.

45. Despite Landsperger's material performance, A&Z Holistic Products has materially breached the Consulting Agreement in that it has failed to pay to Landsperger amounts due under the Consulting Agreement.

46. A&Z Holistic Products' material breach of the Consulting Agreement was unjustified.

47. As a result of A&Z Holistic Products' breach of the Consulting Agreement, Landsperger has suffered damages.

48. As a further result of A&Z Holistic Products' breach of the Consulting Agreement, Landsperger has been forced to hire attorneys and to prosecute this claim for collection, all at substantial and ongoing cost.

49. Landsperger is entitled to a judgment in his favor as against A&Z Holistic Products which includes damages and attorneys' fees in excess of $75,000, plus statutory interest at the rate of 9% from the date of breach to the date of verdict or decision and from the date of verdict or decision to the date of judgment, and costs of collection (including reasonable attorneys' fees), in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Indemnification

50. Paragraphs 1 through 49 are hereby are hereby incorporated and made a part of this Claim for Relief as if fully set forth herein.

51. The Asset Purchase Agreement provides at Section 10.3 that A&Z Holistic Products (denominated therein as the "Purchaser")

> "…shall indemnify and fully defend, save and hold the Seller [*i.e.* Extreme Forces] and its shareholders, directors, officers, agents, attorneys and employees (collectively, the "Seller Indemnitees"), harmless if any Seller Indemnitee shall at any time or from time to time suffer any damage, liability, loss, cost, expense (including all reasonable attorneys' fees and expenses of investigation incurred by the Seller Indemnitees in any action or proceeding between the Purchaser and the Seller Indemnitees…), deficiency, interest, penalty, impositions, assessments or fines (collectively "Seller Losses") arising out of or resulting from any of the following:
> * * *
> (b)     Any failure of the Purchaser duly to perform or observe any term, provision, covenant, agreement contained in the Transaction Documents on the part of the Purchaser to be performed or observed;. . ."

52. "Transaction Documents" is defined in the Asset Purchase Agreement to include the Asset Purchase Agreement and the Consulting Agreement.

53. The procedure for asserting a claim of indemnification as described in Paragraphs 51-52 is set forth in Section 10.7:

> …the Indemnitee shall send a Claim Notice to the Indemnitor. … The indemnitor will have thirty (30) days from receipt of such Claim Notice to dispute the claim and will reasonably cooperate and assist the Indemnitee in determining the validity of the claim for indemnity. If the Indemnitor does not give notice to the Indemnitee that it disputes such claim within thirty (30) days after its receipt of the Claim Notice, the claim specified in such Claim Notice will be conclusively deemed a Purchaser Loss or Seller Loss, as applicable, subject to indemnification hereunder.

54. On June 2, 2018, Plaintiffs duly sent to both Defendants, by regular and certified mail, a Claim Notice, apprising the latter of their claims for unpaid and soon-to-be unpaid amounts under the Acquisition Agreements, together with interest and attorneys' fees.

55. The Claim Notice was deemed given on June 7, 2018, pursuant to Section 12.5 of the Asset Purchase Agreement.

56. Defendants did not dispute the validity of the claims and allegations in the Claim Notice within thirty days of June 7, 2018; therefore, these claims are "conclusively deemed" a "Seller Loss" and Defendants are estopped from disputing them.

57. Nevertheless, Defendants have unjustifiably and wrongfully refused to accept their obligation to defend, indemnify, save, and hold Plaintiffs harmless from all damages, losses, costs, and expenses.

58. Plaintiffs are entitled to a judgment that includes their costs of collection, court costs, investigation costs, expert fees, reasonable attorneys' fees, and any other costs or expenses arising from Defendants' breaches of the Acquisition Agreements.

**WHEREFORE,** Plaintiffs respectfully request entry of a judgment as follows:

a. for Plaintiff, Mark Landsperger, as against Defendant, A&Z Holistic Products, an award of damages in excess of $75,000.00, plus statutory interest at the rate of 9% from August 31, 2016 through the date of judgment;

b. for Plaintiff, Mark Landsperger, against Defendant, A&Z Holistic Products, an additional award of damages to compensate him for his costs of collection, including his reasonable attorneys' fees, in an amount to be proved at trial;

c. for Plaintiff, Extreme Forces, against both Defendants, jointly and severally, an award of damages of $120,000.00 plus statutory interest at the rate of 9% from August 31, 2016 through the date of judgment;

    d.  for Plaintiff, Extreme Forces, against both Defendants, jointly and severally, an additional award of damages to compensate it for its costs of collection, including its reasonable attorneys' fees, in an amount to be proved at trial;

    e.  statutory interest on all amounts awarded at the annual rate of nine percent from the date of judgment until satisfaction thereof; and

    f.  such other relief as this Court may deem just and equitable.

Dated: October 18, 2018

Respectfully submitted,

_____
Steven M. Lucks
FISHKIN LUCKS LLP
277 Broadway, Suite 408
New York, New York 10007
(646) 755-9200
slucks@fishkinlucks.com

-and-

Jennifer Ramsey*
LAW OFFICE OF JENNIFER RAMSEY
117 Water Street, Suite 4
Exeter, NH 03833
(603) 777-2970
justjennr@gmail.com

ATTORNEYS FOR PLAINTIFFS

*pending *pro hac vice* admission